IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ANTHONY D. MCBRIDE,
    Petitioner,

vs.                                        Case No.:  3:14cv131/LAC/EMT

MICHAEL CREWS,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

    This cause is before the court on a petition for writ of habeas corpus filed by Petitioner under 28 U.S.C. § 2254 (doc. 1).  The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.  *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b)(1)(B), (C) and Fed. R. Civ. P. 72(b).  After careful consideration of all issues raised by Petitioner, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rules Governing Section 2254 Cases 8(a).  It is further the opinion of the undersigned that the record before the court shows that the petition is subject to dismissal as an unauthorized "second or successive" habeas corpus application.

I.    BACKGROUND AND PROCEDURAL HISTORY

    Following a jury trial on February 21, 2007, Petitioner was convicted in the Circuit Court in and for Escambia County, Florida, of burglary of an occupied structure and petit theft (*see* doc. 1 at 1).  On May 10, 2007, he was sentenced as a habitual felony offender to fifteen years of imprisonment (*see id.*).  The Florida First District Court of Appeal ("First DCA") affirmed the judgment on July 1, 2008.  *See* McBride v. State, 985 So. 2d 1096 (Fla. 1st DCA 2008) (Table).  In 2010, Petitioner sought federal habeas corpus relief under 28 U.S.C. § 2254 in this district court (*see* doc. 1 at 3).  *See* McBride v. Tucker, Case No. 3:10cv82/RV/EMT, Petition (N.D. Fla. Mar. 11,

2010). The district court, adopting the report and recommendation of the magistrate judge, denied the petition on the merits. *See* McBride v. Tucker, Case No. 3:10cv82/RV/EMT, Report and Recommendation (N.D. Fla. Feb. 17, 2012), Order (N.D. Fla. Mar. 16, 2012). Petitioner appealed the decision to the Eleventh Circuit Court of Appeals, Case No. 12-12139, but the appellate court denied a certificate of appealability on October 16, 2012.

Petitioner filed the instant § 2254 petition on March 11, 2014 (doc. 1). He challenges the same state court judgment on the ground that the jury was not properly instructed on the issue of whether the structure he burglarized was "occupied," for purposes of Florida's burglary statute, Florida Statutes § 810.02 (*see* doc. 1 at 1, 2–7). He contends it was not "occupied," because it was open to the public (*see* doc. 1 at 2–7; doc. 15). Because Petitioner admitted on the § 2254 petition form that he previously filed a § 2254 petition (*see* doc. 1 at 3), the undersigned issued an order on March 20, 2014, advising Petitioner of the statutory requirement that "before a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application" (doc. 4 (citing 28 U.S.C. § 2244(b)(3)(A)). The undersigned directed Petitioner to demonstrate he had obtained the requisite certification from the Eleventh Circuit (*see id.*). Petitioner filed a response stating his application to the Eleventh Circuit was denied (*see* doc. 15). The court takes judicial notice of information available on the database maintained by the Clerk of Court for the Eleventh Circuit Court of Appeals, https://ecf.ca11.uscourts.gov, which reveals that on July 14, 2014, Petitioner filed an application for leave to file a successive habeas petition, Case No. 14-13151.[1] The Eleventh Circuit denied the application on July 30, 2014. Despite the Eleventh Circuit's denial, Petitioner contends he is entitled to file the instant § 2254 petition because his conviction for burglary of an

---

[1] *See* Fed. R. Evid. 201; United States v. Berrojo, 628 F.3d 368, 369 (5th Cir. 1980) ("The doctrine of judicial notice permits a judge to consider a generally accepted or readily verified fact as proved without requiring evidence to establish it."); *see also* Mangiafico v. Blumenthal, 471 F.3d 391, 398 (2d Cir. 2006) (district court permissibly looked to docket sheets in ruling on motion to dismiss because "docket sheets are public records of which the court could take judicial notice"); In re Salem, 465 F.3d 767, 771 (7th Cir. 2006) (taking judicial notice of state court dockets and opinions); Dawson v. Mahoney, 451 F.3d 550, 551 (9th Cir. 2006) (taking judicial notice of state court orders and proceedings); United States v. Mercado, 412 F.3d 243, 247–48 (1st Cir. 2005) (taking judicial notice of state court docket entries).

Case No.: 3:14cv131/LAC/EMT

occupied structure when the structure was open to the public, equates to a conviction of a "nonexistent crime" (*see* doc. 15).

## II.   ANALYSIS

Federal courts are courts of limited jurisdiction, and may only hear cases where authorized by the Constitution and by statute. *See* Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). Section 2244 provides, in relevant part:

> **(a)** No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.
>
> **(b)(1)** A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> **(2)** A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>
>> **(A)** the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>
>> **(B)(i)** the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>>
>> **(ii)** the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> **(3)(A)** <u>Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application</u>.

28 U.S.C. § 2244 (emphasis added). A district court lacks the jurisdiction to hear a second or successive § 2254 petition absent authorization from a Court of Appeals. 28 U.S.C. § 2244(b)(3)(A).

Here, review of the magistrate judge's report and recommendation in Petitioner's first habeas action, which the district judge adopted, demonstrates that Petitioner's 2010 petition qualified as a first petition for the purpose of determining successor status, because the 2010 federal petition was denied on the merits.[2] Therefore, the instant petition qualifies as "second or successive" for purposes of § 2244(b)(3). Petitioner did not obtain permission from the Eleventh Circuit to file a second or successive petition. His failure to do so operates as a jurisdictional bar that precludes this district court's consideration of the merits of the petition. *See* 28 U.S.C. § 2244(b)(3)(A); Fugate v. Dep't of Corr., 310 F.3d 1287, 1288 (11th Cir. 2002).

III.  CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84, 120 S. Ct. 1595, 1603–04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

---

[2] Some types of collateral challenges do not render subsequent habeas petitions "second or successive." *See* Panetti v. Quarterman, 551 U.S. 930, 945, 127 S. Ct. 2842, 168 L. Ed. 2d 662 (2007) (a claim of incompetency under Ford v. Wainwright, 477 U.S. 399, 106 S. Ct. 2595, 91 L. Ed. 2d 335 (1986) was not successive, because the claim was not ripe until the petitioner's execution was scheduled); Slack v. McDaniel, 529 U.S. 473, 486–87, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (dismissal of petitioner's § 2254 claims for failure to exhaust state remedies does not render subsequent petition second or successive); Stewart v. United States, 646 F.3d 856, 865 (11th Cir. 2011) ("Because the basis for his Johnson [v. United States, 544 U.S. 295, 125 S. Ct. 1571, 161 L. Ed. 2d 542 (2005)] claim did not exist before his proceedings on his initial § 2255 motion concluded, Stewart's numerically second motion is not "second or successive," and § 2255(h)'s gatekeeping provision does not apply. . . . Stewart's situation falls within what the Fifth Circuit recognized is a small subset of unavailable claims that must not be categorized as successive."); McGiver v. United States, 307 F.3d 1327, 1332 (11th Cir. 2002) (successful motion to file out-of-time notice of appeal does not render subsequent collateral proceedings "second or successive"); Reeves v. Little, 120 F.3d 1136, 1139 (10th Cir. 1997) (prior habeas action challenging only the constitutionality of state's system of processing indigent criminal appeals does not render later § 2254 petition successive); Benton v. Washington, 106 F.3d 162, 165 (7th Cir. 1996) (§ 2254 petition dismissed for failure to pay required filing fees not counted as first petition for purpose of determining successor status).

Case No.: 3:14cv131/LAC/EMT

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1. That Petitioner's habeas petition (doc. 1) be **DISMISSED for lack of jurisdiction**, pursuant to 28 U.S.C. § 2244(b).

2. That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 2nd day of September 2014.

*/s/ Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.**  *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**

Case No.:  3:14cv131/LAC/EMT